# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WILLIAM DE JESUS TORO-ROJAS**                    **PLAINTIFF**
**#111881**

**V.**                    **NO. 4:26-cv-658-LPR-ERE**

**GRIFFIN, *et al.***                    **DEFENDANTS**

## ORDER

*Pro se* plaintiff William De Jesus Toro-Rojas, a pre-trial detainee at the Saline County Detention Facility ("Detention Facility"), filed this 42 U.S.C. § 1983 case. *Docs. 1, 10*. Because Mr. Toro-Rojas' original complaint was deficient, I provided him an opportunity to file an amended complaint to include only related claims. *Doc. 8*. Mr. Toro-Rojas has now filed an amended complaint and an addendum to his amended complaint.[1] *Docs. 10, 12*. Mr. Toro-Rojas' amended complaint is 63 pages long and the addendum to his amended complaint is 44 pages long.

Federal procedural rules require a complaint to contain a "short and plain statement" showing that the plaintiff is entitled to relief and specifies that "[e]ach

---

[1] Mr. Toro-Rojas titled his addendum to his amended complaint "Habeas Petition." *Doc. 12 at 1*. Mr. Toro-Rojas may not request habeas relief in this § 1983 case. See *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (recognizing that a state pretrial detainee can challenge both his current confinement and possible future confinement under § 2241(c)(3) after exhausting all available state remedies). Title 42 U.S.C. § 1983 provides a cause of action for the deprivation of constitutional rights by a state actor.  As a result, I previously instructed to the Clerk to open a new habeas action for Mr. Toro-Rojos. See *Toro-Rojas v. Doe*, Case No. 4:26-cv-00740-KGB-BBM (E.D. Ark.).

allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a) & (d). Mr. Toro-Rojas' amended complaint violates the letter and spirit of Rule 8. The Eighth Circuit has consistently held that prisoner complaints that fail to satisfy Rule 8's requirements may be dismissed. See *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing Rule 8 and affirming dismissal of *pro se* prisoner's 75-page fourth amended complaint that repeatedly referenced earlier filed documents and 260 exhibits, and contained numerous "unrelated or overlapping" claims); *Williams v. Harmon*, 2008 WL 4331125 (8th Cir. Sep. 24, 2008) (unpublished opinion) (affirming the preservice dismissal of a prisoner's section 1983 complaint that failed to comply with Federal Rule of Civil Procedure 8); *Chandler v. Pogue*, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (same).

Mr. Toro-Rojas' amended complaint has an additional problem. Rather than clarify his claims, Mr. Toro-Rojas' amended complaint includes multiple unrelated claims, including allegations that: (1) although he suffers from Raynoids [sic] disease, Nurse Kate, Lieutenant Grant, Lieutenant Sunny Masters, Lieutenant Griffin, and Captain Sowell failed to provide him medical treatment; (2) Lieutenant Masters and Lieutenant Griffin failed to respond to his grievances; (3) Detention Facility staff members failed to provide inmates razors and towels; (4) on December 24, 2025, Lieutenant Jonathan McBride forced him to sign a bond agreement; (5) Lieutenant McBride discriminated against him; (6) Detention Facility staff members

2

have denied him equal protection; (7) Detention Facility staff members have verbally abused and harassed him; (8) Detention Facility staff members have retaliated against him for using the inmate grievance procedure and for filing federal lawsuits; (9) Detention Facility staff members are improperly trained; and (10) the Detention Facility is understaffed and overcrowded.

Once again, the proposed claims relate to various events that arose at different times and involve different Defendants.

For a second time, Mr. Toro-Rojas is advised that he may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). See *Doc. 8*. He is free to file multiple lawsuits to pursue numerous unrelated constitutional violations, but he can't pursue them all in a single lawsuit.

IT IS THEREFORE ORDERED THAT:

1.    Mr. Toro-Rojas may have a second and final opportunity to file a second amended complaint containing only related claims.[2]

2.    Mr. Toro-Rojas has thirty days to file his second amended complaint.

---

[2] As I previously advised Mr. Toro-Rojas, if he continues to attempt to pursue unrelated claims in a single lawsuit, I may select a claim (or related claims) for him and recommend dismissal of all other claims.

3.    If Mr. Toro-Rojas fails to file a second amended complaint containing only related claims, I will screen Mr. Toro-Rojas' amended complaint, which is likely to result in the dismissal of some of his claims.

SO ORDERED 22 July 2026.

_____
UNITED STATES MAGISTRATE JUDGE