**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**WILLIAM DE JESUS TORO-ROJAS** **PLAINTIFF**
**#111881**

**V.** **NO. 4:26-cv-658-LPR-ERE**

**GRIFFIN, *et al.*** **DEFENDANTS**

**ORDER**

*Pro se* plaintiff William De Jesus Toro-Rojas, a pre-trial detainee at the Saline County Detention Facility ("Detention Facility"), filed this 42 U.S.C. § 1983 case. *Docs. 1, 10*. Because Mr. Toro-Rojas' original complaint was deficient, I provided him an opportunity to file an amended complaint to include only related claims. *Doc. 8*. Mr. Toro-Rojas then filed an amended complaint and an addendum to his amended complaint again containing unrelated claims. *Docs. 10, 12*. As a result, on July 22, 2026, I provided Mr. Toro-Rojas a second and final opportunity to file an amended complaint asserting only related claims. *Doc. 14*. Mr. Toro-Rojas has now filed a second amended complaint containing only related claims. *Doc. 17*.

Mr. Toro-Rojas' second amended complaint alleges that, during his incarceration at the Detention Facility, Nurse Kate, Lieutenant Griffin, Captain Sterling Sowell, and Lieutenant Sunny Masters have been deliberately indifferent to his serious medical needs by failing to provide him medical treatment for his

chronic pain condition. Mr. Toro-Rojas sues these individuals in both their individual and official capacities seeking monetary damages.

For screening purposes,[1] Mr. Toro-Rojas has stated medical deliberate indifference claims against Defendants Nurse Kate, Griffin, Sowell, and Masters in their individual capacities. Service is now proper for those Defendants. I will address Mr. Toro-Rojas' official capacity claims and his claims against Sergeant Tonya Parker, Lieutenant Latosha Silva, Sergeant Jonathan McBride, and Grant White in a separate Recommendation.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to prepare summonses for Defendants Nurse Kate, Lieutenant Griffin, Captain Sterling Sowell, and Lieutenant Sunny Masters.

2. The United States Marshal is directed to serve these Defendants with summonses and copies of the complaint, the amended complaint, and the second amended complaint, with any attachments, (*Docs. 1, 10, 17*) without requiring prepayment of fees and costs or security. Service for these Defendants should be

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion hereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

attempted through the Saline County Detention Facility, 735 Neely Street, Benton, Arkansas 72015.

DATED 5 August 2026.

UNITED STATES MAGISTRATE JUDGE